

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONORA BALAGTAS,<br>  Individually, as Personal<br>  Representative for the<br>  Estate of Herminio Balagtas,<br>  Deceased, and as Parent and<br>  Natural Guardian of Kyra<br>  Balagtas, a Minor, and on<br>  Behalf of the Estate and the<br>  Next of Kin and Beneficiaries,<br>  Individually,<br>          Plaintiff<br><br>          vs.<br><br>W.M. JACKSON Tkg., Inc.;<br>WILLIAM M. JACKSON<br>  also known as<br>  William N. Jackson; and<br>BRAD L. PHILLIPS,<br><br>          Defendants | Civil Action<br>No. 13-cv-04689 |

FILED
OCT 28 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

O R D E R

NOW, this 27th day of October, 2015, upon consideration of the following documents:

    (1) Plaintiff's Motion to Enforce Settlement Agreement with Defendant William M. Jackson, which motion was filed May 20, 2015 ("Motion to Enforce Settlement") (Document 70); together with

        (a) Memorandum in Support of Plaintiff's Motion to Enforce Settlement (Document 70-1); and

        (b) Declaration of Patrick F. McTernan (Document 70-2); and

        (c) Exhibits "A" to "M" (Documents 70-3 to 70-15); and

    (2) Response of Defendants, W.M. Jackson Tkg., Inc. William M. Jackson and Brad L. Phillips in Opposition to Plaintiffs' Motion to Enforce

10-28-15 e-mailed

    Settlement, which response was filed June 3, 2015 ("Response in Opposition to Plaintiffs' Motion") (Document 71); together with

    (a) Exhibits "A" to "C" (Documents 71-1 to 71-3); and

(3) Reply Memorandum in Support of Plaintiff's Motion to Enforce Settlement Agreement with Defendant William M. Jackson, which reply memorandum was filed June 18, 2015 (Document 76); and

(4) Plaintiff's Motion to Extend Jurisdiction to Enforce Settlement filed June 10, 2015 (Document 73); together with

    (a) Declaration of Patrick F. McTernan (Document 73-1); and

(5) Report and Recommendation of United States Magistrate Judge Henry S. Perkin filed August 11, 2015 ("R&R" or "Report and Recommendation")(Document 80);

(6) Defendants, W.M. Jackson Tkg., Inc. and William M. Jackson's [Objections] to the Report and Recommendation of the Honorable Henry S. Perkin Relevant to [] Plaintiffs' Motion to Enforce Settlement, which objections were filed August 25, 2015 (Document 82) ("Jackson Defendants' Objections"); and

(7) Plaintiff's Response to Defendant William M. Jackson's Objections to Magistrate Judge's Report and Recommendation Regarding Plaintiff's Motion to Enforce Settlement Agreement with Defendant William M. Jackson, which response was filed September 4, 2015 (Document 84) ("Plaintiff's Response to Objections"); and

(8) Errata to Plaintiff's Response to Defendant William M. Jackson's Objections to Magistrate Judge's Report and Recommendation Regarding Plaintiff's Motion to Enforce Settlement Agreement with Defendant William M. Jackson, which errata was filed September 4, 2015 (Document 85) ("Errata No. 1"); and

      (9)    Errata No. 2 to Plaintiff's Response to Defendant William M. Jackson's Objections to Magistrate Judge's Report and Recommendation Regarding Plaintiff's Motion to Enforce Settlement Agreement with Defendant William M. Jackson [Dkt. No. 84], which errata was filed September 7, 2015 (Document 86) ("Errata No. 2"),

and after a thorough de novo review of the record in this matter; it appearing that Magistrate Judge Perkin's Report and Recommendation correctly determined the legal and factual issues presented in this case,

    IT IS ORDERED that Magistrate Judge Perkin's Report and Recommendation dated and filed August 11, 2015, is approved and adopted.[1]

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Id.

As more fully discussed below, I approve and adopt Magistrate Judge Perkin's R&R and overrule defendants' objections to the R&R.

IT IS FURTHER ORDERED that Jackson Defendants' Objections to the Report and Recommendation of Magistrate Judge Perkin are overruled.[2]

IT IS FURTHER ORDERED that plaintiff's Motion to Enforce Settlement is granted.

---

[2] Defendants raise two objections to the R&R. First, defendants object to Magistrate Judge Perkin's conclusion that the parties' settlement agreement did not include the express or implied term that defendant William Jackson was entitled to deduct his tax liability from the proceeds of the liquidation of assets of his company, defendant W.M. Jackson Tkg., Inc., which proceeds were to be paid to plaintiff pursuant to the settlement agreement.

Second, defendants object to Magistrate Judge Perkin's recommendation that defendants be bound by the original inventories of assets provided to plaintiff, dated November 26, 2014 (Document 70-4), February 10, 2015 (Document 70-5), and May 20, 2015 (Document 70-9). These inventories noted only one lien of $55,000 on the enumerated assets and included two items which defendant now claims were sold prior to the settlement agreement and therefore were erroneously included in the original inventories.

These objections are essentially the same arguments defendants raised in their Response in Opposition to Plaintiffs' Motion. Moreover, upon review of Magistrate Judge Perkin's Report and Recommendation, together with a de novo review of the matter, I conclude that the R&R correctly determined the legal and factual issues that exist in this matter. Defendants cite no new or overlooked legal authority.

Defendants also fail to identify any newly-discovered or overlooked facts. Defendants contend that Magistrate Judge Perkin overlooked the alleged fact that "certain items of equipment and liens that were resolved prior to the [settlement] [a]greement were not included in the final figures, and thus were not credited against the final payout." Defendant's Objections at pages 3-4. Magistrate Judge Perkin did not overlook this allegation; rather, he discredited defendant Jackson's contentions regarding this issue. See R&R at page 8.

Defendants additionally contend that "[w]hat the Report and Recommendation effectively suggests is that Mr. Jackson and WMJ would have been better served to sell all of the available equipment for a mere pittance, pennies on the dollar so to speak, to avoid any tax liability." Jackson Defendants' Objections at page 5. Nowhere in the R&R does Magistrate Judge Perkin make such a suggestion. He simply concludes that the settlement agreement does not provide for the satisfaction of defendant William Jackson's income tax liability out of proceeds resulting from the liquidation of assets of his company. I agree. Accordingly, I approve and adopt Magistrate Judge Perkin's R&R, and overrule defendants' objections to it.

IT IS FURTHER ORDERED that the settlement agreement dated and filed October 30, 2014 is enforced and defendant William M. Jackson shall pay plaintiff the sum of $60,640.75.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Jurisdiction to Enforce Settlement is dismissed as moot.

IT IS FURTHER ORDERED that Errata No. 1 is granted.[3]

IT IS FURTHER ORDERED that Errata No. 2 is granted.[4]

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[3] Defendant claims that Plaintiff's Response to Objections incorrectly cites a February 2015 e-mail as Docket No. 70-9, when it is in fact Docket No. 70-5. Upon review, I agree that this citation was erroneous.

[4] Defendant claims that Plaintiff's Response to Objections mistakenly uses the word "pretty" instead of the word "prepared." The sentence defendant cites discusses "the purportedly painstaking process by which his affidavit had been pretty over many hours in consultation with his attorneys." Plaintiff's Response to Objections at page 8 (emphasis added). Upon review, it is clear that plaintiff intended to use the word "prepared" rather than "pretty."